UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-2088-FMO (MRWx) | Date | February 16, 2024 |
|---|---|---|---|
| Title | Anthony Amirikhass v. Walmart, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|
| Vanessa Figueroa | None Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**   (In Chambers) Order Dismissing Action

The court has reviewed plaintiff's Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c) (Dkt. 31, "Notice of Dismissal"), filed on February 13, 2024.  The Notice of Dismissal is made pursuant to Federal Rule of Civil Procedure 41(a)(1) or (c).  (See id.).  Because defendants have filed their answer to the operative Complaint, (see Dkt. 1-9, "Answer"), the court will construe plaintiff's Notice of Dismissal as a Motion to Dismiss the Complaint pursuant to Rule 41(a)(2).

Once an answer has been filed, a plaintiff may not dismiss its complaint without a court order and upon such terms and conditions as the court deems proper.[1]  Fed. R. Civ. P. 41(a)(2).  It is within the discretion of the court to grant or deny a motion pursuant to Rule 41(a)(2).  See Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir. 1980).  Here, plaintiff seeks to dismiss the action.  (See Dkt. 31, Notice).  Moreover, the case has had very little activity and no motions have been filed by any party.  (See, generally, Dkt.).  Accordingly, the court will dismiss the action.

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Notice of Dismissal **(Document No. 31)** shall be **construed** as plaintiff's

---

[1] Plaintiff's counsel, Michel T. Carr ("Carr"), previously filed an identical Notice of Dismissal, (see Dkt. 29, "First Notice of Dismissal"), which prompted the Clerk to issue a Notice to Filer of Deficiencies in Filed Document.  (Dkt. 30, "Notice of Deficiencies").  The Notice of Deficiencies explained that "Defendants have filed an Answer to the complaint, therefore rule 41(a) is not applicable.  A proposed order for the Court's review is needed."  Despite this prompting by the Clerk, Carr simply refiled the same Notice of Dismissal rather than submitting a request for dismissal with a proposed order or a stipulation signed by all parties.  See Fed. R. Civ. P. 41(a)(1)(ii), (a)(2).  This is more troubling since the actual Notice of Dismissal form Carr used clearly explains in bold text that "This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs."  (See Dkt. 29, First Notice of Dismissal); (Dkt. 31, Notice of Dismissal).  Plaintiff's counsel is advised to carefully review the Federal Rules of Civil Procedure and Notices issued by the Clerk's office.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-2088-FMO (MRWx) | Date | February 16, 2024 |
|---|---|---|---|
| Title | Anthony Amirikhass v. Walmart, Inc., et al. | | |

Motion to Dismiss the operative complaint pursuant to Federal Rule of Civil Procedure 41(a)(2). Plaintiff's Motion so construed is **granted**.

2. Judgment shall be entered dismissing the action with prejudice.

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | vdr |